# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEFANIE ADELL WINSTEAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:01-CV-329 CAS |
| DAIMLER/CHRYSLER CORP. and UAW LOCAL 110, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on the motion of plaintiff's former appointed counsel, Rick L. Nelson, for compensation of services. This case was closed on February 12, 2002, when a stipulation for dismissal was filed.

By Order dated January 29, 2004, Mr. Nelson was ordered to pay into Court the sum of $1,528.10, which the Court found Mr. Nelson had improperly retained from a settlement he obtained on the plaintiff's behalf.[1] [Doc. 54] Mr. Nelson complied with the Court's Order, which also required him to certify that he had read the Local Rules of this Court. [Doc. 57] The Local Rules provided in pertinent part,

> In a civil case, appointed counsel and the party represented may enter into a contingent fee agreement only upon the Court's approval of the terms of the agreement, as set forth in a joint motion of appointed counsel and the party. Appointed counsel may not condition the undertaking or continuation of the party's representation on the making of such an agreement.

---

[1] The funds were subsequently ordered returned to the plaintiff. See Order of March 18, 2004. [Doc. 58]

E.D. Mo. Local Rule 12.06(A). The Court was not asked to and did not approve a contingent fee agreement in this case. See Order of Dec. 19, 2003. [Doc. 49]

Mr. Nelson states in a letter accompanying his CJA Form 20, "This claim is being submitted beyond the 45-day period because <u>the client was billed for the claim but the courts ruled the firm had to give the money back after the 45-day period. Therefore, the firm now has to submit a court approved claim form for the state to pay accordingly</u>." Id. at 1 (emphasis in original). Mr. Nelson submits a claim for nineteen hours of attorney time expended in this case in the amount of $1,710.00. The claim form includes the statement, "I swear or affirm the truth or correctness of the above statements," and is signed by Mr. Nelson. [Doc. 61] The Court notes that Mr. Nelson directed the letter to the Management Support Unit of the district court, rather than to the attention of the undersigned.

At the time Mr. Nelson's representation of the plaintiff ended in 2002, the Administrative Order and Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund did not authorize disbursement of funds for attorney's fees. The Regulations were amended in February 2004 to allow disbursements for some attorney's fees. The Court will not retroactively apply the current Regulations to award Mr. Nelson attorney's fees in this case for time expended in 2001 and 2002, and Mr. Nelson has not requested any reimbursement for out-of-pocket expenses. The motion should therefore be denied.

In addition, although Mr. Nelson affirmed that the CJA Form 20 he submitted was true and correct, it appears to contain obvious errors. The documents submitted in support of the motion state that Mr. Nelson expended six hours of time for unspecified court appearances in July 2001. See Nelson letter of Nov. 14, 2006 at 1. The record reflects, however, that Mr. Nelson was appointed

2

on July 16, 2001, and no in-court proceedings were held in this matter in July 2001. The only in-court proceeding reflected on the docket is a nine-minute Rule 16 scheduling conference held on December 11, 2001. [Doc. 43] Mr. Nelson's documents also reflect that he spent three hours on July 20, 2001, in legal research and brief writing and preparing motions. See Nelson letter of Nov. 14, 2006 at 2. The record shows, however, that the only motion filed by Mr. Nelson on behalf of plaintiff in this case was a motion for extension of time to file an "amended petition" on October 18, 2001. [Doc. 40] No amended complaint was ever filed, and the record reflects that Mr. Nelson did not file a response to any motions filed by the defendant.

The Court is amazed that Mr. Nelson would have the audacity to seek reimbursement of attorney's fees in this case, given the history which is described above. The Court is also offended that Mr. Nelson has submitted a request for reimbursement which appears to be false and is directly contradicted by the Court record. Further, it does not reflect well on Mr. Nelson that he would attempt to blame the Court for his tardiness in seeking the fee reimbursement, and attempt to bypass the Court and submit his fee request to the Clerk's office instead.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Nelson's motion for compensation of services is **DENIED**. [Doc. 61]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of December, 2006.